UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 23-10291-RGS

UNITED STATES OF AMERICA

v.

ELMIDIO CRISOSTOMO and
DAVID DEPENA

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO SUPPRESS

June 6, 2025

STEARNS, D.J.

For the reasons stated at the May 29, 2025 hearing, defendants Elmidio Crisostomo and David Depena's motions to suppress (which are identical in their principal arguments) are DENIED. The motions are premised on the alleged illegality of law enforcement's use of a pole camera, installed without a warrant in a common hallway of the apartment building in which defendants had established a facility to manufacture counterfeit oxycodone pills laced with fentanyl. Defendants maintain that the monitoring and recording of their comings and goings by the pole camera violated their Fourth Amendment right to a reasonable expectation of privacy. Moreover, they contend that the fruits of a warrant executed at the apartment unit where they manufactured and packaged the drugs should be suppressed because the affidavit supporting the magistrate's finding of probable cause was fatally tainted by the incorporation of information

unlawfully derived from the illegal pole camera surveillance.

As the court noted at the hearing, the legality of the use of the pole camera was decided adversely to defendants' position in this Circuit by *United States v. Bucci*, 582 F.3d 198 (1st Cir. 2009), the holding of which was recently reaffirmed in *United States v. Moore-Bush*, 36 F.4th 320 (1st Cir. 2022) (en banc).  *See also Moore-Bush*, 36 F.4th at 321-322 (Barron, C.J., concurring) (observing that while he would likely decide the case differently if writing on a blank slate, he agreed with his colleagues that the law-of-the circuit doctrine bound the court to follow the *Bucci* precedent).  While it is true that other courts, including the Massachusetts Supreme Judicial Court, have questioned *Bucci* on the issue, *see Commonwealth v. Mora*, 485 Mass. 369, 370-371 (2020) (noting that the targeted, long-term pole camera surveillance of the area surrounding a residence "has the capacity to invade the security of the home"), this court is bound (absent an intervening decision of the United States Supreme Court or an *en banc* Circuit decision to the contrary), to follow the law of this Circuit.[1]

---

[1] Defendants' two subsidiary motions for suppression are also foreclosed by existing (and binding) precedent.  That defendants had no expectation of privacy in trash they discarded in a stranger's dumpster in a neighboring parking lot has long been established.  *See California v. Greenwood*, 486 U.S. 35, 37 (1988).  The same is true with respect to common areas of an apartment building (such as the common hallway of the apartment building in which the pole camera at issue was installed).  *See United States v. Hawkins*, 139 F.3d 29, 32 (1st Cir. 1998) (holding generally that a tenant has no reasonable expectation of privacy in the common areas of his apartment building); *see also United States v. Trice*, 966 F.3d 506, 513

ORDER

For the foregoing reasons, the motions to suppress are <u>DENIED</u>. The Clerk will set the case for trial.

                                        SO ORDERED.

                                        <u>/s/ Richard G. Stearns</u>
                                        UNITED STATES DISTRICT JUDGE

---

(6th Cir. 2020) (applying the doctrine specifically to a common hallway in a multi-unit building).